**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.D.**

**No. 22-0271** (Cabell County 20-JA-177)

**MEMORANDUM DECISION**

Petitioner Father T.D.[1] appeals the Circuit Court of Cabell County's March 15, 2022, order terminating his parental rights to C.D.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In October of 2020, the Department of Health and Human Resources ("DHHR") filed a petition alleging that newborn C.D. and his mother tested positive for methamphetamine upon his delivery. The DHHR alleged that petitioner abused controlled substances, lived with the mother, and was aware of her substance abuse during her pregnancy with C.D. In December of 2020, petitioner stipulated to the allegations, and the circuit court adjudicated him as an abusing parent. The same month, petitioner was granted a post-adjudicatory improvement period.

Soon after petitioner was granted visitation with the child in February of 2021, he ceased communicating with the DHHR and participating in visitation. The DHHR later discovered that petitioner's sudden loss of contact was the result of his enrollment in a substance abuse treatment program and its prohibition on phone use. Petitioner completed that substance abuse program and moved into a related sober-living program where he remained throughout the remainder of the proceedings. In November of 2021, the circuit court granted petitioner a post-dispositional improvement period.

---

[1]Petitioner appears by counsel Kerry A. Nessel. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Andrew T. Waight. Allison K. Huson appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

In February of 2022, the circuit court held a final dispositional hearing, during which it heard testimony from petitioner and a DHHR worker. The evidence established that petitioner relapsed twice during the proceedings, once in March of 2021—prior to entering substance abuse treatment—and once in June of 2021—during his treatment—when he ingested unprescribed medication that he could not identify. Petitioner explained that he did not have independent housing and continued to live in the sober-living program, despite having received two "Family Unification Program" letters offering housing assistance. He testified that he utilized the most recent letter, which he received in December of 2021, to apply for an apartment but had not yet been accepted. In petitioner's view, his housing was the final issue he needed to address before reunification could begin. The court also heard evidence that then-sixteen-month-old C.D. was not bonded with petitioner, was scared before visitations, and was overly attached to his foster mother after visitations. Ultimately, the circuit court found that petitioner lacked the ability to care for C.D. based upon his inexperience caring full-time for a child and his continued struggle with addiction. It also determined that petitioner's substance abuse negatively affected his ability to care for the child. Accordingly, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and terminated petitioner's parental rights. Petitioner now appeals the circuit court's March 15, 2022, order, which terminated his parental rights to C.D.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court clearly erred in terminating his parental rights rather than either granting him additional time to improve or dismissing the petition with ongoing services. Petitioner emphasizes that he complied with many of the terms of his improvement period and could have completed the final requirement, obtaining housing, in the near future. However, by petitioner's own admission below, he had not completed the terms of his improvement period and could not take custody of the child at the time of the dispositional hearing. Further, petitioner fails to recognize that he exceeded the statutory time limit for improvement periods. Pursuant to West Virginia Code § 49-4-610, "no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months." We have considered that

> [a]lthough it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). By February of 2022, C.D. had been in foster care for sixteen months. Therefore, the circuit court was

---

[3]The mother's parental rights were also terminated below. The permanency plan for the child is adoption by his foster family.

statutorily prohibited from granting petitioner additional improvement periods unless it found "compelling circumstances . . . to extend the time limits," which it declined to find. *See* W. Va. Code § 49-4-610(9).

Instead, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse based upon his failure to complete the terms of his improvement period and his continued struggle with addiction. *See* W. Va. Code § 49-4-604(d)(1) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has "habitually abused . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not followed through with" a family case plan). These findings are supported by evidence that petitioner relapsed twice during these proceedings, including once during his participation in a substance abuse program when he ingested an unprescribed medication that he could not identify; failed to complete his family case plan in a reasonable time; and failed to bond with C.D., which was due in part to petitioner's failure to fully exercise visitation, relapse, and enrollment in substance abuse treatment. Accordingly, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected and did not err in terminating petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find petitioner is entitled to no relief on appeal.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]Petitioner also argues that the circuit court erred in proceeding to disposition prior to the DHHR's filing of a family case plan. However, the family case plan was filed in advance of this hearing, and petitioner is entitled to no relief in this regard.